IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY BARTON,<br><br>    Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>    Respondent. | No. 2:19-CV-2322-DMC-P<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (ECF No. 1).

Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. In the instant case, the petition fails to meet one or more of these requirements. In this case, petitioner has not stated any grounds for relief. Rather, petitioner merely cites to three cases filed in the Central District of California against the Board of Parole Hearings. See ECF No. 1, pg. 5. Petitioner does not allege any facts to support any particular claim of error with respect to his underlying criminal proceedings.

/ / /

1

Not only does petitioner's petition fail to inform the court of the grounds for relief claim and supporting facts, it fails to establish proper venue. To the extent petitioner is challenging a decision to deny parole, venue would be appropriate in the district of confinement, in this case the Central District of California because petitioner is confined in San Luis Obispo. See Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (denial of parole is "a decision 'regarding the execution' of" a prison sentence); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the execution of a sentence is the district where the prisoner is confined"). The current petition is unclear as to whether it is in fact challenging a parole determination. Petitioner's citation to cases against the Board of Parole Hearings, however, suggests the possibility that a challenge to parole determination is intended. If so, venue would not be proper in this court.

Petitioner will be provided an opportunity to file an amended petition which satisfies Rule 2(c). Petitioner is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) is dismissed with leave to amend;

2. Petitioner shall file a first amended petition on the form employed by this court, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, within 30 days of the date of this order; and

3. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

Dated: January 8, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE